ALDEN J. VARNEY *vs*. WILSON H. COLE.

Aroostook.   Opinion December 31, 1915.

*Account annexed.     Delivery.     Sale.     Special Contract.     Written Contract.*

It is held that a fair interpretation of the whole contract requires a finding in favor of the plaintiff.

On report.   Judgment for plaintiff for $450 and interest from the date of the writ.

This is an action of asumpsit upon a contract in writing to recover the sum of $450 for 150 barrels of seed potatoes which defendant had, according to the contract in writing declared on in the writ. The potatoes were destroyed by fire.   At the conclusion of the evidence, by agreement of parties, the case was reported to the Law Court for determination upon so much of the evidence as is legally admissible.

*R. W. Shaw,* for plaintiff.
*Madigan & Pierce,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, BIRD, HALEY, HANSON, JJ.

SPEAR, J.   The facts in this case so far as material are as follows: The plaintiff, Varney, in the spring of 1913 sold to the defendant, Cole, one hundred and fifty barrels of New Snow potatoes and was paid at the rate of two dollars per barrel or three hundred dollars, ($300).   Cole agreed to plant the potatoes and to deliver the yield of those potatoes to Varney on demand any time up to April 1, 1914. Upon delivery Varney was to pay Cole fifty cents per barrel more than the market price for table stock.   If Varney complied with this agreement Cole agreed to pay him an additional three dollars per barrel for the seed, or four hundred and fifty dollars, ($450).

Cole planted the potatoes, dug and stored the yield until on February 22, 1914, without fault on his part they were destroyed

by fire. Varney demanded delivery after the fire, and the defendant being unable to comply, Varney demanded that Cole pay him for the seed potatoes at five dollars per barrel, less three hundred dollars ($300), received, leaving a balance of four hundred and fifty dollars, ($450).

The defendant contends: First, that the plaintiff cannot recover on an account annexed. This contention is sustained. Second, that the plaintiff cannot recover upon the special contract because he says, he contracts the performance of which depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing shall excuse the performance, and cites numerous instances claimed to fall within the rule.

But in order to determine whether the rule, if, as claimed by the plaintiff, applies to the solution of the case at bar, it seems advisable to insert the entire contract, which reads as follows:

"This indenture made this 13th day of May, A. D. 1913, by and between Alden J. Varney of Hodgon, Maine, of the first part and Wilson H. Cole, Maine, of the second part, Witnesseth as follows, to wit: the said Cole agrees to plant on his farm in Crystal, Maine, 150 bbls. or 25 acres of the New Snow Potatoes and to sell and deliver to said Varney all merchantable potatoes grown on said 25 acres and hold in storage said potatoes until April 1 first 1914, said potatoes to be stored and delivered free of cost to said Varney at the nearest railway station. And will further agree to deliver said potatoes at any time before April first 1 1914, within two days notice from said Varney, said Cole further agrees to plant said potatoes on his best potato soil and to use one ton of high grade fertilizer per acre and to grow one prize acre to be measured by three reliable men before it is dug. Said men to weigh each barrel of potatoes grown from said acre, said men shall vouch as to the number of pounds grown on said acre. Said Cole further agrees to remove the potato tops from several rows of said acre and have a photograph taken of said rows. Said Varney further agrees to pay said Cole fifty cents per barrel for said New Snow Potatoes, than is paid for potatoes for table use, on the day said Cole delivers said potatoes to the station. Said Cole further agrees to pay said Varney

four hundred and fifty dollars ($450) if said Varney fulfills this agreement."

This contract, as is apparent, is inartificially drawn, and for a clear understanding must be resolved into at least two independent parts. The first provides that the defendant shall take of the plaintiff a certain quantity of seed potatoes, plant them in a certain way, harvest them, store them, and, upon a specified demand, deliver these specific potatoes to the plaintiff at a certain price per barrel, which was an increase, as stated, of fifty cents above that paid for potatoes for table use. These stipulations to furnish seed and make demand embrace all Varney was required to do to fulfil his part of the contract. But these potatoes were all destroyed by fire, which made it impossible for the defendant to comply with this part of the contract requiring him to deliver the potatoes in specie. If, therefore, the plaintiff's action was to recover for damages, under these circumstances, for the failure of the defendant to deliver the potatoes, as agreed, much might be said in favor of the defendant's contention that the rule which he invokes should be applied.

The second part of the contract and the one upon which the plaintiff relies, is not, however, based upon a demand and refusal to deliver the specific potatoes. It is based solely upon the fulfillment by Varney of his part of the agreement, that is, the first part, as above stated. All he could do to fulfil this part was to demand the potatoes of Cole. If Cole upon demand had had possession of the potatoes, and refused to deliver them, Varney had done all he could do to fulfil the first part of the contract. If Cole, on account of the destruction of the potatoes, without his own fault, was relieved from delivering them, then Varney had equally, by his demand, done all he could to fulfill the first part of the contract. In contemplation of law, he stood ready, upon his demand, to take the potatoes, and pay the fifty cents extra. In fact it is not in controversy that the plaintiff was without fault.

We now come to the second part of the contract, which is independent of the first part, except that it expresses the consideration upon which the defendant agrees to perform the second part. By this the defendant in express terms without ambiguity, qualification or reservation "further agrees to pay said Varney four hundred and fifty dollars ($450.00), if said Varney fulfills this agreement;"

that is the first part, which as above appears, Varney did do. This stipulation on the part of the defendant was absolute, and neither unlawful nor impossible at the time it was made. Nor is its performance impossible now. It does not depend at all upon the delivery of the potatoes to the plaintiff. The plaintiff seeks to recover, not for non delivery, but for 150 barrels of seed potatoes, which the defendant had and used, and for which, if the plaintiff met his part of the contract, he agreed to pay the sum of $450.00, in addition to $300.00 he had previously paid. But the defendant contends that this part of the contract depends upon a complete performance of the first part; that it was not the intention of the defendant to pay $450.00 extra for the seed potatoes unless he got fifty cents extra for the crop raised. On the other hand there is nothing in the agreed statement to show that the seed potatoes at the time they were delivered to the defendant were not worth $450.00 more than had been paid. There is nothing in the terms of the contract to show that they were not worth this sum; and the plain language of the contract stipulates to pay it if Varney did as he agreed. Varney did do as he agreed, which was a valid consideration for the promise of Cole to pay the $450.00, which he agreed to do.

We are of the opinion that a fair interpretation of the whole contract requires a finding in favor of the plaintiff. The entry, therefore, must be,

> *Judgment for the plaintiff for*
> *$450.00 and interest from*
> *the date of the writ.*